[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs in the above entitled matter appealed to the Superior Court from certain actions taken on behalf of the Planning and Zoning Board of Appeals of the Town of Greenwich (the "Board") and now seek to withdraw that appeal. In December 1990, the Zoning Enforcement Office of the Town of Greenwich issued a building CT Page 2455 permit to erect a one-family dwelling on property owned by the plaintiffs. The defendants, residents of the Town of Greenwich, appealed the issuance of the permit to the Board and, by notice published on March 4, 1991, the Board sustained the appeal and revoked the building permit. The plaintiffs subsequently took the present appeal to the Superior Court which they now seek to withdraw. (The first appeal).
While the first appeal was pending in this Court, the plaintiffs were successful in obtaining a building permit which the residents of the Town of Greenwich appealed to the Board. In November 1991 the Board did not revoke the permit and the residents of the Town of Greenwich, defendants in the first appeal, then became plaintiffs with respect to the action of the Board taken in 1991. As part of the basis for appeal on the second appeal, the residents of the Town of Greenwich claim that the action was taken without notice, constituted a private solicitation without a hearing and constituted an "End Run" around the public's procedural and statutory safeguards.
The plaintiffs now seek to withdraw the first appeal claiming that the issues raised are moot; that the Court cannot grant the relief requested; that the revisions of General Statutes, Section 8-8n do not prevent the withdrawal of such an appeal and that there is no prejudice to the plaintiffs on the second appeal.
General Statutes, Section 8-8(n) provides no appeal "shall be withdrawn and no settlement between the parties to any such appeal shall be effective unless and until a hearing has been held before the Superior Court and such court has approved such proposed withdrawal or settlement". "The purpose of the Statute is to ensure that zoning matters can be scrutinized by the public by means of a "public record" and prevents "side" or secret settlements by the parties once there has been an appeal to the Trial Court. Levine v. Town Planning and Zoning Commission, 25 Conn. App. 199, 203
(1991).
The defendants object to the withdrawal of the appeal in the present action (The first appeal) and, rely upon the conduct which is set forth in their complaint on the second appeal. The defendants admit that such conduct, as described by them, would not be pertinent to the first appeal inasmuch as that conduct occurred after the appeal was taken. The action of the Board, in revoking the building permit on March 4, 1991, will, by the withdrawal of the first appeal, stay unattacked. The parties are not claiming that there has been a side or secret agreement in settlement of the first appeal that appeal is not sought on the basis that any settlement has been achieved.
The public scrutiny to which General Statutes Section 8-8(n) CT Page 2456 is addressed will be fully satisfied by virtue of the claims made in the second appeal and the request to withdraw the first appeal in the above entitled matter is therefore granted.
RUSH, JUDGE